UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRYCE STROBRIDGE, as Administrator of the,
Estate of GARY EDWARD STROBRIDGE,
also known as GARY STROBRIDGE, Deceased

       Plaintiff,      **THIRD-PARTY COMPLAINT**
                  **JURY TRIAL DEMAND**

-against-

CITY OF ELMIRA, LIEUTENANT WILLIAM SOLT, Civil Case No.: 1:20-cv-1125
CAPTAIN JOHN PERRIGO, JOSEPH LINEHAN, (WMS)
BRIANNA BORDEN, AMANI HADLOCK,
EDUARDO OROPALLO and JAMES SAMUELSON

       Defendants/Third-Party Plaintiffs

-against-

BRANDEN WOLFENDEN and DELPHI HEALTHCARE, PLLC

       Third-Party Defendants.

---

  Third-party plaintiff, EDUARDO OROPALLO, (hereinafter "third-party plaintiff"), by and through their attorneys, Schlather, Stumbar, Parks & Salk, LLP, as and for its Complaint against third-party defendants BRANDEN WOLFENDEN and DELPHI HEALTHCARE, PLLC (hereinafter collectively "third-party defendants") allege as follows.

### PRELIMINARY STATEMENT

  1. This is a claim for negligence, vicarious liability, negligent training, and negligent supervision.

  2. Third-party plaintiff seeks contribution for any damages awarded against him in the underlying action.

## JURISDICTION AND VENUE

3.  The Court has subject matter jurisdiction over third-party defendants under 28 U.S.C. § 1367(a) because they are so related to the plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution.

4.  Venue is proper under the doctrine of ancillary venue, as well as under 28 U.S.C. § 1391(b), in that third-party defendant Branden Wolfenden resides in this district and all third-party defendants reside in the State of New York.

## PARTIES

5.  Third-party plaintiff Eduardo Oropallo was a police officer and employee of the City of Elmira.

6.  Third-party plaintiff City of Elmira is a municipal corporation, organized and existing under the laws of the State of New York, located within the Chemung County.

7.  Third-party plaintiff Lieutenant William Solt was a police officer and employee of the City of Elmira.

8.  Third-party plaintiff Captain John Perrigo was a police officer and employee of the City of Elmira.

9.  Third-party plaintiff Joseph Linehan was a police officer and employee of the City of Elmira.

10. Third-party plaintiff Briana Borden was a police officer and employee of the City of Elmira.

11. Third-party plaintiff Amani Hadlock was a police officer and employee of the City of Elmira.

12. Third-party plaintiff James Samuelson was a police officer and employee of the City of Elmira.

13. Upon information and belief, third-party defendant Branden Wolfenden was a physician's assistant working at St. Joseph's Hospital on the night of the alleged incident.

14. Upon information and belief, third-party defendant DELPHI HEALTHCARE, PLLC is a corporation doing business in the State of New York and was the employer of third-party defendant Branden Wolfenden.

## FACTS

15. Upon information and belief, on August 22, 2019, in the early evening, Gary Strobridge was suffering from an apparent drug overdose in which he climbed onto the roof of his residence at 316B Horner Street, Elmira, New York. He was also observed hanging out of the upstairs window of his residence.

16. Upon information and belief Strobridge was heard screaming that it was the end of the world. A group of residents had gathered around Strobridge's residence, importuning him to get back inside the window, presumably so that he would not hurt himself.

17. As a result of Strobridge's actions, the police were called and received a complaint that Strobridge was on top of his roof and in an altered state of mind.

18. Upon information and belief, once the officers arrived at the scene, Strobridge entered a window on his roof at the rear of his house and walked out of the front of his house.

19. Upon information and belief, at some point after Strobridge exited his home, he was approached by one of the Elmira City police officers who attempted to restrain Strobridge in order to maintain the safety all individuals in the vicinity. Strobridge responded by throwing a punch at this officer. The officer responded by taking Strobridge down to the ground in an attempt to subdue him. Other Elmira City police officers then joined in and assisted this officer in subduing Strobridge.

20. Once Strobridge was in custody, the officers transported him to St. Joseph's Hospital, located at 555 St. Joseph's Boulevard, Elmira, New York 14901.

21. Upon information and belief, Strobridge was admitted to the emergency department at approximately 7:19 p.m., on August 22, 2019.

22. At intake an assessment, Strobridge was noted to be delusional, with no previous psychiatric history noted. Findings from the psychiatric exam revealed that Strobridge was orientated to person, place and time, and that his affect was agitated and anxious. His concentration, judgment and insight were noted to be poor.

23. Upon information and belief, it was discovered that Strobridge had overdosed on the drug Dextromethorphan (or "DXM"), a common ingredient found in many over-the-counter cough suppressant cold medicines, which is used as a recreational drug and entheogen for its dissociative effects.

24. Third-party defendant BRANDEN WOLFENDEN was working as a physician's assistant at St. Joseph's Hospital on the night in question. He was duly licensed to practice medicine as a physician's assistant in New York State.

25. Upon information and belief, at some point shortly after Strobridge arrived at St. Joseph's hospital, he rushed out of the door of his room in an attempt to escape.

26. Thereafter, in the hallway of the hospital, a struggle ensued between Strobridge and Elmira City police officers.

27. During the altercation, third-party defendant BRANDEN WOLFENDEN was present. He was aware of Strobridge's earlier ingestion of DXM. Nevertheless, he instructed a nurse to inject Strobridge with a dose of Zyprexa, presumably to calm him down from his manic state. Importantly, Zyprexa should not have been used under these circumstances, and there were far safer and more appropriate sedatives that could have been used.

28. Furthermore, Zyprexa was not appropriate because it is known to cause serious side effects when used with Dextromethorphan.

29. Immediately after being injected with Zyprexa, Strobridge became unresponsive.

30. Strobridge was diagnosed with having suffered cardiac arrest.

31. Upon information and belief, an ambulance was dispatched to St. Joseph's Hospital to transport him to Arnot Ogden Medical Center at 600 Roe Avenue, in Elmira, New York, wherein he was admitted to the intensive care unit.

32. Strobridge wasthen transferred via helicopter for a higher level of care to Upstate Medical University Surgical Intensive Care Unit, located at 750 East Adams Street, Syracuse, New York 13210.

33. Strobridge never recovered consciousness following his cardiac arrest on August 22, 2019, and was subsequently pronounced brain dead at 6:30 p.m. six days later on August 28, 2019.

## CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION OF NEGLIGENCE AND MEDICAL MALPRACTICE AGAINST THIRD-PARTY DEFENDANT BRANDEN WOLFENDEN

34. Third-party plaintiff hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs with the same force and effect as if set forth fully herein.

35. On August 29, 2019, third-party defendant BRANDEN WOLFENDEN owed a duty of care to Strobridge as his patient. That duty included an obligation to deliver medical care to Strobridge in accord with all prevailing standards for the delivery of such care in New York State.

36. On August 22, 2019, third-party defendant BRANDEN WOLFENDEN committed medical malpractice and was negligent in his care and treatment of Strobridge by,

among other things, departing from applicable standards of care and causing Strobridge to be injected with Zyplexa.

37. Third-party defendant BRANDEN WOLFENDEN should have done some analysis as to what drugs would be appropriate to administer given that Strobridge was clearly already under the influence of some other drug, including the known DXM.

38. Instead, third-party defendant BRANDEN WOLFENDEN negligently decided to inject Strobridge with Zyplexa, a drug that is known to have severe side effects when mixed with the drug Strobridge was overdosing on, Dextromethorphan.

39. Third-party defendant BRANDEN WOLFENDEN knew or should have known that there were other sedatives that were far safer and better suited for the situation at issue.

40. As a result of the foregoing, third-party defendant BRANDON WOLFENDEN is liable to the third-party plaintiff to the extent and in the amount of any liability and damages assessed against the third-party plaintiff in this action.

## AS AND FOR A SECOND CAUSE OF ACTION OF VICARIOUS LIABILITY AGAINST THIRD-PARTY DEFENDANT DELPHI HEALTHCARE, PLLC

41. Third-party plaintiff hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs with the same force and effect as if set forth fully herein.

42. That at the time of the incident, third-party defendant BRANDEN WOLFENDEN was an employee of third-party defendant DELPHI HEALTHCARE, PLLC.

43. As such, third-party defendant DELPHI HEALTHCARE, PLLC is variously liable for the torts committed by its employees while conducting their employment duties.

44. As a result of the foregoing, third-party defendant DELPHI HEALTHCARE, PLLC is liable to the third-party plaintiff to the extent and in the amount of any liability and damages assessed against the third-party plaintiff in this action.

## AS AND FOR A THIRD CAUSE OF ACTION OF NEGLIGENT SUPERVISION AGAINST THIRD-PARTY DEFENDANT DELPHI HEALTHCARE, PLLC

45. Third-party plaintiff hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs with the same force and effect as if set forth fully herein.

46. That at the time of the incident, third-party defendant BRANDEN WOLFENDEN was an employee of third-party defendant DELPHI HEALTHCARE, PLLC.

47. That third-party defendant DELPHI HEALTHCARE, PLLC was negligent in its supervision of its employee, third-party defendant BRANDEN WOLFENDEN.

48. Third-party defendant DELPHI HEALTHCARE, PLLC was required to supervise third-party defendant BRANDEN WOLFENDEN to the extent that he would not cause negligent harm to patients. Third-party defendant DELPHI HEALTHCARE, PLLC failed to do so.

49. As a result of the foregoing, third-party defendant DELPHI HEALTHCARE, PLLC is liable to the third-party plaintiff to the extent and in the amount of any liability and damages assessed against the third-party plaintiff in this action.

## AS AND FOR A FOURTH CAUSE OF ACTION OF NEGLIGENT TRAINING AGAINST THIRD-PARTY DEFENDANT DELPHI HEALTHCARE, PLLC

50. Third-party plaintiff hereby repeats and re-alleges each factual allegation contained in the preceding paragraphs with the same force and effect as if set forth fully herein.

51. That at the time of the incident, third-party defendant BRANDEN WOLFENDEN was an employee of third-party defendant DELPHI HEALTHCARE, PLLC.

52. That third-party defendant DELPHI HEALTHCARE, PLLC was negligent in its training of its employee, third-party defendant BRANDEN WOLFENDEN.

53. Third-party defendant DELPHI HEALTHCARE, PLLC was required to train third-party defendant BRANDEN WOLFENDEN so that he would not cause negligent harm to patients. Third-party defendant DELPHI HEALTHCARE, PLLC failed to do so.

54. As a result of the foregoing, third-party defendant DELPHI HEALTHCARE, PLLC is liable to the third-party plaintiff to the extent and in the amount of any liability and damages assessed against the third-party plaintiff in this action.

**WHEREFORE**, third-party plaintiff demands judgement against third-party defendants on all causes of action, together with costs and disbursements of this action, and such other and further relief as the Court may deem just and proper. Third-party plaintiff demands trial by jury on all issues triable by a jury.

Dated:  September 23, 2022

Schlather, Stumbar, Parks and Salk, LLP

By: _____
Raymond Schlather, Esq.
*Attorneys for Defendant/Third-Party Defendant, Eduardo Oropallo*
200 East Buffalo St.
PO Box 353
Ithaca, NY 14850
(607) 273-2202.