UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRYCE STROBRIDGE, AS ADMINISTRATOR OF
THE ESTATE OF GARY EDWARD STROBRIDGE,
ALSO KNOWN AS GARY STROBRIDGE, DECEASED,

                  Plaintiff,

**ANSWER TO
THIRD-PARTY COMPLAINT
JURY DEMAND**

Civil Action No.: 1:20-cv-01125-WMS-JJM

vs.

CITY OF ELMIRA,
LIEUTENANT WILLIAM SOLT,
CAPTAIN JOHN PERRIGO,
JOSEPH LINEHAN,
BRIANNA BORDEN,
AMANI HADLOCK,
EDUARDO OROPALLO and
JAMES SAMUELSON,

                  Defendants/Third-Party Plaintiffs,

vs.

BRANDEN WOLFENDEN and DELPHI HEALTHCARE, PLLC,

                  Third-Party Defendants.

---

The answering Third-Party Defendants, Branden Wolfenden and Delphi Healthcare, PLLC, by and through their attorneys, Hirsch & Tubiolo, P.C., submit the following and as for their Answer to the Third-Party Complaint of Third-Party Plaintiff, Eduardo Oropallo, dated September 23, 2022, as follows:

1. The answering Third-Party Defendants deny the allegations contained in paragraphs "1," "2," "36," "38," "40," "43," "44," "47," "48," "49," "52," "53," "54" and WHEREFORE CLAUSE of the Third-Party Plaintiff's Complaint.

2. The answering Third-Party Defendants deny knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraphs "3," "4," "5," "6," "7," "8," "9," "10," "11," "12," "15," "16," "17," "18," "19" and "20" of the Third-Party Plaintiff's Complaint.

3. With respect to paragraphs "13" and "24" of the Third-Party Plaintiff's Complaint, the answering Third-Party Defendants admit that PA Wolfenden is licensed in New York in the practice of his profession and otherwise deny in the form pled the balance of the allegations therein.

4. With respect to paragraph "14" of the Third Plaintiff Plaintiff's Complaint, the answering Third-Party Defendants admit that Delphi Healthcare, PLLC, is a domestic professional limited liability company, that PA Wolfenden was employed by Delphi Healthcare, PLLC, and otherwise deny in the form pled the balance of the allegations therein.

5. Without having received at this point copies of the pertinent medical records, counsel on behalf of the Third-Party Defendants, Branden Wolfenden and Delphi Healthcare, PLLC, deny knowledge or information sufficient to form a belief as to the accuracy of the allegations contained in paragraphs "21," "22," "23," "25," "26," "27," "28," "29," "30," "31" "32," "33," "37" and "39" of the Third-Party Plaintiff's Complaint.

5. With respect to paragraph "35" of the Third-Party Plaintiff's Complaint, the answering Third-Party Defendants admit that PA Wolfenden provided certain care to patients within the scope of his practice as a Physician Assistant, but otherwise deny in the form pled the balance of the allegations therein.

6. With respect to paragraphs "42," "46" and "51" of the Third-Party Plaintiff's Complaint, the answering Third-Party Defendants admit that PA Wolfenden was employed by Delphi Healthcare, PLLC, and otherwise deny in the form pled the balance of the allegations therein.

7. With respect to paragraphs "34," "41," "45" and "50" of the Third-Party Plaintiff's Complaint, wherein the Third-Party Plaintiff repeats and realleges each and every allegation contained in each and every preceding paragraph, the answering Third-Party Defendants likewise here repeat and reallege each and every response to those paragraphs, as if more fully set forth herein.

8. The answering Third-Party Defendants demand a Trial by Jury under Federal Rule of Civil Procedure 38.

THE ANSWERING THIRD-PARTY DEFENDANTS, BRANDEN WOLFENDEN AND DELPHI HEALTHCARE, PLLC, HEREBY DENY EACH AND EVERY OTHER ALLEGATION CONTAINED IN THE THIRD-PARTY PLAINTIFF'S COMPLAINT NOT HEREINBEFORE SPECIFICALLY ADMITTED, CONTROVERTED OR DENIED INSOFAR AS THE SAME PERTAINS TO THE ANSWERING THIRD-PARTY DEFENDANTS.

**AS AND FOR THEIR FIRST AFFIRMATIVE DEFENSE, THE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS, UPON INFORMATION AND BELIEF:**

9. The answering Third-Party Defendants reserve the right, depending upon the results of discovery, to assert arguments that the damages claimed by the primary Plaintiff herein were brought about or contributed to by reason of primary Plaintiff's own acts, actions or negligence, and if so, the primary Plaintiff's damages, if any, must be diminished accordingly.

**AS AND FOR THIER SECOND AFFIRMATIVE DEFENSE, THE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS, UPON INFORMATION AND BELIEF:**

10. The answering Third-Party Defendants allege that the primary Plaintiff failed to mitigate their damages.

**AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE, THE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS, UPON INFORMATION AND BELIEF:**

11. The Court does not have jurisdiction over the person of the answering Third-Party Defendants.

**AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE, THE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS, UPON INFORMATION AND BELIEF:**

12. Service was not timely made on the answering Third-Party Defendants and proof of service was not timely filed and that the service of process in this action was insufficient.

**AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE, THE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS, UPON INFORMATION AND BELIEF:**

13. If Third-Party Plaintiff recovers a verdict against the answering Third-Party Defendants, they request the Court to have their liability, if any, and the various culpability of any other persons found liable, apportioned among them and among any other third parties who may be liable.

**AS AND FOR THEIR SIXTH AFFIRMATIVE DEFENSE, THE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS, UPON INFORMATION AND BELIEF:**

14. The liability of the answering Third-Party Defendants, if any, constitutes (50%) or less of the culpable conduct causing or contributing to the primary Plaintiff's injuries, by reason of

which the liability of the Third-Party Defendants, if any to the primary Plaintiff is several only and not joint and the answering Third-Party Defendants hereby raise these defenses afforded to the extent that they are applicable to the facts and circumstances concerning other providers' treatment in this case.

**AS AND FOR THEIR SEVENTH AFFIRMATIVE DEFENSE, THE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS, UPON INFORMATION AND BELIEF:**

15. The answering Third-Party Defendants are entitled to an offset for reimbursement or indemnification received by primary Plaintiff for the costs of medical care, dental care, podiatric care, custodial care or rehabilitative services, loss of earnings or other economic loss claimed in this action from any collateral source, including but not limited to: disability insurance, employer-provided sick pay or income continuation plans, disability provisions under qualified or non-qualified retirement plans, mortgage disability insurance, travel accident insurance, hospital indemnity insurance, medical, dental, surgical, diagnostic x-ray, laboratory or major medical insurance, including coverage provide by a health maintenance insurer, workers' compensation benefits or employee benefit programs and Social Security benefits except for benefits received under Title XVII of the Social Security Act (Health Insurance for the Aged and Disabled).

**AS AND FOR THEIR EIGHTH AFFIRMATIVE DEFENSE, THE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS, UPON INFORMATION AND BELIEF:**

16. This action is barred by the applicable Statute of Limitations.

**AS AND FOR THEIR NINTH AFFIRMATIVE DEFENSE, THE ANSWERING DEFENDANT ALLEGES AS FOLLOWS, UPON INFORMATION AND BELIEF:**

17. The Third-Party Plaintiff's Causes of Action contained in the Third-Party Complaint fail to state claims for which relief may be granted.

**AS AND FOR THEIR TENTH AFFIRMATIVE DEFENSE, THE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS, UPON INFORMATION AND BELIEF:**

18. In the event that a release or covenant not to sue or not to enforce judgment is given to one or more persons liable to the primary Plaintiff, Bryce Strobridge, as Administrator of the Estate of Gary Edward Strobridge, also known as Gary Strobridge, Deceased, the answering Third-Party Defendants will seek to enforce the same herein.

**AS AND FOR THEIR ELEVENTH AFFIRMATIVE DEFENSE AND AS A COUNTERCLAIM AGAINST THIRD-PARTY PLAINTIFF, EDUARDO OROPALLO, THE ANSWERING THIRD-PARTY DEFENDANTS ALLEGE AS FOLLOWS, UPON INFORMATION AND BELIEF:**

19. The Third-Party Defendants, Branden Wolfenden and Delphi Healthcare, PLLC, deny any negligence on their part, but if the primary Plaintiff recovers a judgment in this action against Third-Party Defendants, their liability will have been brought about or caused by reason of the primary carelessness and negligence of the primary Defendants, without any carelessness, negligence or malpractice on the part of the Third-Party Defendants, and the Third-Party Plaintiff shall indemnify the Third-Party Defendants for all or a part of any such judgment, including costs and attorneys' fees, in such amount as shall be ultimately determined at the trial of his action.

**AS AND FOR THEIR TWELFTH AFFIRMATIVE DEFENSE, THE ANSWERING THIRD-PARTY DEENDANTS ALLEGE AS FOLLOWS, UPON INFORMATION AND BELIEF:**

20. The answering Third-Party Defendants reserve their rights to amend this Answer and to assert additional defenses upon ascertaining more definite facts during and upon completion of discovery and investigation.

**WHEREFORE**, the answering Third-Party Defendants demand judgment as follows:

1. Dismissal of the Third-Party Plaintiff's Complaint herein;

2. Diminishment of the primary Plaintiff's damages in the proportion which culpable conduct attributed to the primary Plaintiff bears to the culpable conduct which may have caused such damages and awarding the answering Third-Party Defendants the costs and disbursements incurred in this action, together with such other and further relief this Court deems just and proper.

3. The answering Third-Party Defendants demand judgment dismissing the Complaint and Second Amended Complaint of the primary Plaintiff herein, and the Third-Party Plaintiff shall indemnify the answering Third-Party Defendants for all or a part of any such judgment, including costs and attorneys' fees, in such amount as shall be ultimately determined at the trial of this action.

4. The answering Defendant demands a Trial by Jury under Federal Rule of Civil Procedure 38.

DATED: October 18, 2022
Rochester, New York

Yours, etc.,

**HIRSCH & TUBIOLO, P.C.**

By: _____
Bryan S. Kornfield, Esq.
Attorneys for Third-Party Defendants,
Branden Wolfenden and
Delphi Healthcare, PLLC
Office and Mailing Address
1000 Reynolds Arcade Building
16 East Main Street
Rochester, New York 14614
Tel: (585) 546-2434

**TO:** **SCHLATHER, STUMBAR, PARKS & SALK, L.L.P.**
Raymond M. Schlather, Esq.
Attorneys for Defendant/Third-Party Plaintiff,
Eduardo Oropallo
200 East Buffalo Street
P.O. Bos 353
Ithaca, New York 14850
Tel: (607) 273-2202

**cc:** **VANDETTE LAW PLLC**
James M. VanDette, Esq.
Attorneys for Plaintiff
403 Main Street
Suite 725
Buffalo, New York 14203
Tel: (716) 806-3500

**BAILEY, JOHNSON & PECK, P.C.**
John W. Bailey, Esq.
Attorneys for Defendants/Third-Party Plaintiffs,
City of Elmira, Lieutenant William Solt,
Captain John Perrigo, Joseph Linehan,
Brianna Borden, Amani Hadlock and
James Samuelson
5 Pine West Plaza, Suite 507
Washington Avenue Extension
Albany, New York 12205
Tel: (518) 456-0082